UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Denis Arnold Granlund,

Plaintiffs,

v.

Northwest Airlines, Inc., and Air Line Pilots Association, International,

Defendants.

Civ. File No. 01-969 (MJD/JGL)

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss. In the underlying complaint, Plaintiff seeks to vacate an award issued by the airline adjustment board on September 16, 1998. Defendants appeared for hearing before this Court on November 30, 2001. Plaintiff did not submit opposition papers and did not appear at the hearing. For the reasons that follow, the Court grants Defendants' motions.

**BACKGROUND**

Plaintiff Denis Arnold Granlund ("Granlund") is a former Northwest Airlines ("Northwest") pilot who was terminated on November 13, 1997, for travel pass abuse and for lying and failing to cooperate during Northwest's investigation of the travel pass abuse. In 1997, Granlund advised Northwest that he had undergone an evaluation for alcohol dependence in connection with a child custody dispute. Northwest directed Granlund to the Hazelden Foundation for a chemical dependency assessment. Plaintiff arrived at Hazelden for chemical assessment on April 13, 1997, but departed the program on April 17, 1997,

FILED DEC 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD DEC 14 2001
DEPUTY CLERK

because he believed he was being "treated" rather than "assessed." On April 25, 1997, Northwest removed Plaintiff from flying status due to his failure to complete the assessment at Hazelden.

Thereafter, Plaintiff sought assessment regarding his alcoholism at Sister Kenny Institute of Abbott Northwestern Hospital, which determined that Plaintiff did not meet the criteria for chemical dependancy. ALPA requested on behalf of Plaintiff that Northwest allow the appointment of a third medical examiner in accordance with the collective bargaining agreement, section 15.D, between Northwest and ALPA. Northwest denied this request and ordered Plaintiff to return to Hazelden to complete his assessment. Plaintiff returned to Hazelden on July 13, 1997, but was discharged on July 30, 1997, for failure to make any progress in the program.

Thereafter, on August 15, 1997, Plaintiff filed a Grievance ("Grievance No. 2190-97"), alleging that Northwest had violated section 15.D of the CBA by failing to allow a third opinion regarding his alcoholism. The Grievance was denied by Northwest, and then filed with the Northwest pilot system board of adjustment for resolution. On September 16, 1998, Arbitrator Frederic R. Horowitz issued his final award, finding that, pursuant to an agreement between Northwest and ALPA, the provision of section 15.D of the CBA did not apply to alcoholism assessments, which were to be conducted by Hazelden alone. (See Arbitrator's Opinion and Award, Grievance No. NWA-2910-97, dated September 16, 1998 ("Horowitz Award").) The arbitrator found that Northwest did not violate the CBA. (Id.) Arbitrator

Horowitz sent the final award to board member Rachael Goedkin ("Goedkin") for signature, by letter dated September 16, 1998. Plaintiff claims, however, that he never actually received a fully signed and dated copy of the Horowitz Award until June 4, 1999.

On May 7, 1999, Plaintiff filed Northwest I, alleging that Northwest discriminated and retaliated against him in violation of the ADA and the MHRA. Northwest stipulated to allow Plaintiff to amend his complaint to assert a claim to vacate the Horowitz Award, and the parties signed that stipulation on July 28, 1999. It was February 23, 2000, before Plaintiff attempted to amend the complaint. On April 28, 2000, Magistrate Boylan struck Plaintiff's amended complaint because Plaintiff had failed to serve the amended complaint until nearly three months after the deadline for amending the pleadings had passed. Judge Frank affirmed the ruling. Ultimately, Judge Frank dismissed Plaintiff's first lawsuit against Northwest on a motion for summary judgment. See Northwest I, Order of Judge Frank, January 26, 2001. Plaintiff has appealed that ruling, and the Eighth Circuit affirmed the district court. Granlund v. Northwest Airlines, No. 01-1520, slip op. at 2 (8th Cir. Nov. 16, 2001).

On May 12, 1999, Plaintiff filed ALPA I, alleging that the union had discriminated against him in violation of the ADA. Plaintiff later amended his complaint to include claims for (1) failure to adjust a grievance without intervention of a bargaining representative; (2) violation of contract; (3) breach of duty of fair representation; (4) violation of due process; and (5) conspiracy and coercion in signing back to work agreements. Sometime thereafter,

Plaintiff attempted to amend the ALPA I complaint to add a claim to vacate the Horowitz Award. Magistrate Boylan rejected Plaintiff's attempt, holding that the amendment would be "futile." Plaintiff also appealed that ruling, and on November 13, 2001, the Eighth Circuit issued an Order to Show Cause within fifteen days of that Order why the appeal should not be dismissed for failure to prosecute. Granlund v. Air Line Pilots Ass'n, Int'l, No. 01-3072 (8th Cir. Nov. 13, 2001).

**DISCUSSION**

1. Standard

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "assume that well-pleaded factual allegations in the complaint are true and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990)(citation omitted). A motion to dismiss may be granted when no relief could be granted under any set of facts that could be proven, consistent with the allegations of the complaint. Id. at 1488.

2. Analysis

Defendants move to dismiss Plaintiff's complaint on several theories including statute of limitations, res judicata, and failure to state a claim as a matter of law. However, the Court need only address the statute of limitations issue. Section 153 of the Railway Labor Act ("RLA") provides a two-year statute of limitations for actions relating to railroad adjustment boards, but that section is expressly excluded from application to the airlines. 45

U.S.C. § 181; see also Air Line Pilots Ass'n, Int'l v. Northwest Airlines, Inc., 415 F.32d 493, 498 (8th Cir. 1969)(declining to apply attorney's fees provisions of Section 153 to an airline adjustment board arbitration). Accordingly, the Court must borrow a statute of limitations from the state law most closely analogous to the dispute. See Sheet Metal Workers Int'l Ass'n, Local Union No. 36 v. Systemaire, Inc., 241 F.3d 972, 975 (8th Cir. 2001)(determining that the state statute most closely analogous to the LMRA was the Missouri Uniform Arbitration Act). In this case, Minnesota's Uniform Arbitration Act ("MUAA") is the most closely analogous state statute for actions to vacate an arbitration award. See Minn. Stat. § 572.19, subd. 2. Under the MUAA, a motion to vacate an arbitration award must be made within 90 days after delivery of a copy of the award to the applicant. Id. Taking Plaintiff's version of the facts as true, Plaintiff received a copy of the Horowitz Award on June 4, 1999. Nevertheless, Plaintiff failed to file this action until June 1, 2001. Accordingly, Plaintiff's action is untimely and barred by the applicable statute of limitations.

**CONCLUSION**

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (Clerk Doc. Nos. 4 & 8) are **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Dec 12, 2001

Michael J. Davis
United States District Court Judge